# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| STANTON LEE REAGAN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:23-cv-00016 |
| CUMBERLAND COUNTY, TENNESSEE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Stanton Reagan, while in custody at the Cumberland County Jail in Crossville, Tennessee, filed a pro se civil rights complaint. (Doc. No. 1). He subsequently filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 5).

The case is before the Court for ruling on Plaintiff's IFP application and for initial screening under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Plaintiff's IFP application reveals that, less than one week after signing and mailing his Complaint, he was enrolled in a 12-month program of in-patient rehabilitation at the White House Campus of Hope Center Ministries in Cross Plains, Tennessee. (Doc. No. 5 at 1, 5). Plaintiff's financial affidavit and attached inmate trust account statement show that he had no funds prior to his enrollment in rehabilitation, and that his brother gifted him $200 to buy what he needed when he arrived at the White House Campus. (Id. at 1–4). The Director of the White House Campus provided a letter

confirming Plaintiff's enrollment there and his inability to "receive any type of compensation while he is in the program." (Id. at 5). It is thus apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance. That application (Doc. No. 5) is **GRANTED**.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). In applying this standard, the Court only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

**B. Allegations and Claims**

Plaintiff alleges a sequence of events arising from a long-running custody case out of Cumberland County that led him to conclude that he was targeted and tracked by officials there. (Doc. No. 1 at 1–2). After being "led to an area in Cumberland County, TN near Alloway Road on Grandview Mountain," he was involved in an altercation with another man that resulted in the other man's death and significant injuries to Plaintiff. (Id. at 2). In the aftermath of this altercation, Plaintiff was flown to the hospital and law enforcement seized his truck and all the personal property it contained, including his wallet, cash, cell phone, tablet, and tools. (Id. at 3). Plaintiff's truck was not returned to him until four months later, "missing its sunroof and other parts after Rhea County allowed it to be 'parted' out like a 'junk yard' would." (Id.). None of the property that was in the truck was ever returned to Plaintiff. (Id.).

Plaintiff claims that, "[t]hrough color of law, . . . both Rhea County and Cumberland County, Tennessee violated [his] civil rights by denying [him] equal protection under law; denying [him] property without due process; and cruel and unusual punishment after [he] suffered a domino effect after defending [him]self." (Id.). He asserts that although the altercation occurred in Cumberland County, it was "Rhea County, TN officials [who] took [his] cash and property that resulted in some person profiting." (Id. at 4). As relief, Plaintiff requests $15,000 and the appointment of "a victim's advocate" to determine his losses and assist him with pursuing further relief. (Id.).

**C. Analysis**

This action is properly construed as filed under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.

3

Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). To state a viable claim under Section 1983, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Although counties and other local governmental entities are state actors and therefore proper defendants to an action under Section 1983, they cannot be held liable solely based on the acts of their employees, but "only when a policy or custom of that [local] government caused the injury in question." Lipman v. Budish, 974 F.3d 726, 747 (6th Cir. 2020) (citations omitted). Plaintiff does not allege that any Cumberland County or Rhea County policy or custom caused him to be targeted for his role in a custody case, or to have his truck returned in poor condition after four months of confiscation and his other valuables not returned at all.

Even if Plaintiff had alleged that his injuries were attributable to a county policy or had sued individual county officials, his constitutional claims would still fail as pled. He asserts that he was denied "equal protection under law" and suffered "cruel and unusual punishment" (Doc. No. 1 at 3), but these are mere legal conclusions that lack the support of factual allegations sufficient to plausibly claim relief. See Iqbal, 556 U.S. at 678. Although it is possible to assert a "class of one" equal protection claim under the Fourteenth Amendment to the U.S. Constitution based on alleged targeting by county officials, cf. Burley v. Arnold, No. 3:21-CV-00326, 2021 WL 3115159, at *3 (M.D. Tenn. July 22, 2021) (reviewing such a claim based on allegation that plaintiff was unfairly "targeted and harassed" by officials), such a claim must include allegations that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Arucan v. Cambridge E. Healthcare Ctr./Sava Seniorcare, LLC, 763 F. App'x 415, 422 (6th Cir. 2019) (quoting Davis v. Prison Health

Servs., 679 F.3d 433, 441 (6th Cir. 2012)). The Complaint contains no such allegations.

Finally, with respect to the claim that Plaintiff was deprived of his property without due process, no such claim is viable unless existing state remedies are inadequate to remedy the deprivation. "That is, [Plaintiff] cannot claim a denial of due process without explaining why the existing process is inadequate—he 'must prove the inadequacy of state remedies as an element of [his] constitutional tort.'" Rothhaupt v. Maiden, 144 F. App'x 465, 472 (6th Cir. 2005) (quoting Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 588 (6th Cir. 2004)). Under settled Sixth Circuit law, a prisoner's failure to plead the inadequacy of state post-deprivation remedies (such as, for instance, a civil action for conversion) requires dismissal of his Section 1983 due process action. See Jefferson, supra ("Plaintiff may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress her due process violations."); Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983) ("In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong."); see also, e.g., Phillips v. Bonner, No. 219CV02822TLPTMP, 2021 WL 1845964, at *7 (W.D. Tenn. May 7, 2021) (same). Because it appears that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted" by government officials, Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985); see Lankford v. City of Hendersonville, No. M2016-02041-COA-R3-CV, 2018 WL 1559971 (Tenn. Ct. App. Mar. 29, 2018) (discussing remedies, including action for conversion, available when city police officers intentionally or negligently fail to return seized property not subject to forfeiture), and because Plaintiff gives no indication that he has pursued such remedies without success, he has failed to plead a viable claim for a federal due process violation. See Brooks, supra ("[I]n the absence of resort to state remedies, we do not believe that

5

a federal court may assert jurisdiction."). Though the Court must dismiss this due process claim, its dismissal is without prejudice to Plaintiff's ability to re-file if and when the above precondition is met.

### III. CONCLUSION

For these reasons, this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted. The Court **CERTIFIES** that any appeal of this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE